IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>QLONTE DEL-JUAN TURNER,<br>a/k/a BJ;<br>DERRICK KAVON DICKERSON;<br>JANAE MARKEISHA HARRIS;<br>GAGE TERALE BLACKCLOUD;<br>TREVER PAUL YANKTON;<br>NEKOL SORRELL-TYRONE EPPS;<br>TAYLOR J. MYRICK;<br>GLORIA BUSH; and<br>NATHANIEL DEVAUGHN-COSTA<br>CRIPPENS,<br>a/k/a NATHAN JONES | **S E C O N D**<br>**S U P E R S E D I N G**<br>**I N D I C T M E N T**<br><br>Case No. 1:21-cr-051<br><br>Violations:  21 U.S.C. § 841(a)(1),<br>841(b)(1)(B), 841(b)(1)(C), 843(b), and<br>846; 18 U.S.C. § 922(g)(1), 924(a)(2),<br>924(d), and 2; and 28 U.S.C. § 2461(c) |

COUNT ONE

**Conspiracy to Distribute and Possess with Intent to Distribute
Controlled Substances**

The Grand Jury Charges:

Beginning in or about 2018 and continuing until the present, in the District of

North Dakota, and elsewhere,

QLONTE DEL-JUAN TURNER, a/k/a BJ;
DERRICK KAVON DICKERSON;
JANAE MARKEISHA HARRIS;
GAGE TERALE BLACKCLOUD;
TREVER PAUL YANKTON;
NEKOL SORRELL-TYRONE EPPS;
TAYLOR J. MYRICK;
GLORIA BUSH; and
NATHANIEL DEVAUGHN-COSTA CRIPPENS, a/k/a NATHAN JONES,

knowingly and intentionally combined, conspired, confederated, and agreed together and with others, both known and unknown to the grand jury, to distribute and possess with intent to distribute controlled substances, specifically: (i) a mixture and substance containing a detectable amount of oxycodone, a Schedule II controlled substance; (ii) a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance; (iii) a mixture and substance containing a detectable amount of para-Fluorofentanyl, a Schedule I controlled substance; and (iv) a mixture and substance containing a detectable amount of a "fentanyl-related substance" as defined in 21 C.F.R. § 1308.11, a Schedule I controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Drug Quantity

With respect to defendants QLONTE DEL-JUAN TURNER, a/k/a BJ; DERRICK KAVON DICKERSON; JANAE MARKEISHA HARRIS; and GAGE TERALE BLACKCLOUD, the amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide") involved in the conspiracy attributable to that defendant as a result of defendant's own conduct, and the conduct of other conspirators reasonably foreseeable to that defendant, is 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), in violation of Title 21, United States Code, Section 841(b)(1)(B).

2

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1.      It was a part of said conspiracy that the defendants and others would and did distribute, and possess with intent to distribute pills and tablets containing a detectable amount of opiate drugs, such as oxycodone, fentanyl, and a fentanyl-related substance, in and about Bismarck and Mandan, North Dakota, the Fort Berthold Indian Reservation, and the Turtle Mountain Indian Reservation in North Dakota, and elsewhere;

2.      It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities by, among other things, using aliases, concealing opiate drugs within their persons and containers, and using threats and intimidation toward sub-distributors and others;

3.      It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

4.      It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, and social media applications, such as Facebook Messenger and Instagram, to facilitate the distribution of controlled substances and collection of drug proceeds;

5.      It was further a part of said conspiracy that the defendants and others traveled between the State of Michigan and the State of North Dakota via airplane, automobile, and other means of transportation to transport, conceal, and distribute opiate

3

pills and tablets containing oxycodone, fentanyl, and a fentanyl-related substance, and to transport, conceal, and distribute proceeds of drug trafficking activity;

6.    It was further a part of said conspiracy that the defendants and others utilized residences located at 617 North 7th Street, Bismarck, North Dakota; 1825 Burnt Boat Drive, Bismarck, North Dakota; and other locations, to store, conceal, and distribute opiate pills and tablets;

7.    It was further a part of said conspiracy that on or about February 2, 2021, defendants QLONTE DEL-JUAN TURNER, a/k/a BJ, DERRICK KAVON DICKERSON, and JANAE MARKEISHA HARRIS possessed approximately 912 opiate pills containing fentanyl and para-Flourofentanyl, and approximately $6,150 in United States currency, at a hotel in Bismarck, North Dakota;

7.    It was further a part of said conspiracy that the defendants and others utilized local North Dakota residents as sub-distributors and associates to locate customers and consumers of opiate pills and tablets;

8.    It was further a part of said conspiracy that the defendants and others possessed firearms to protect their supply of opiate pills and tablets, and to intimidate and threaten other persons;

9.    It was further a part of said conspiracy that one or more conspirators utilized the United States Postal Service to mail, ship and deliver opiate pills and tablets containing fentanyl and a fentanyl-related substance to an apartment on North 8th Street in Bismarck, North Dakota; and

10.      It was further a part of said conspiracy that conspirators used Facebook accounts and other social media to solicit sub-distributors and purchasers of pills and tablets containing opiate drugs, including fentanyl, fentanyl-related substances, and oxycodone;

In violation of Title 21, United States Code, Section 846; and Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT TWO

**Possession with Intent to Distribute Controlled Substances**
**(40 grams or more of fentanyl; para-Flourofentanyl)**

The Grand Jury Further Charges:

In or about February 2021, in the District of North Dakota, and elsewhere,

QLONTE DEL-JUAN TURNER, a/k/a BJ;
DERRICK KAVON DICKERSON; and
JANAE MARKEISHA HARRIS,

individually, and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute a controlled substance, specifically, approximately 912 pills and

tablets that were (i) 40 grams or more of a mixture and substance containing a detectable

amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"),

a Schedule II controlled substance; and (ii) a mixture and substance containing a

detectable amount of para-Fluorofentanyl, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B),

and Title 18, United States Code, Section 2.

6

## COUNT THREE

### Possession of a Firearm and Ammunition by a Prohibited Person

The Grand Jury Further Charges:

In or about February 2021, in the District of North Dakota,

GAGE TERALE BLACKCLOUD,

knowing that he had previously been convicted in any court of a crime punishable by

imprisonment for a term exceeding one year, to wit:

(a)     Possession of Marijuana with Intent to Deliver, a class B felony, in the State of North Dakota, Burleigh County District Court, Case Number 08-2016-CR-2746, in or about November 2016, and as revoked in or about May 2019; and

(b)     Unlawful Possession of a Firearm by a Felon, in the State of North Dakota, Burleigh County District Court, Case Number 08-2019-CR-01112, in or about June 2019, and as clerically corrected in or about January 2020,

individually, and by aiding and abetting, did knowingly possess in and affecting

commerce a firearm and ammunition, namely:

(a)     One Smith & Wesson, Model M&P 9 Shield M2.0, 9mm pistol, Serial Number HYK4724; and

(b)     Approximately eight (8) rounds of Armscor Cartridge Inc., 9mm caliber ammunition;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 2.

## COUNT FOUR

### Distribution of Controlled Substances

The Grand Jury Further Charges:

In or about February 2021, in the District of North Dakota, and elsewhere,

NEKOL SORRELL-TYRONE EPPS; and
GLORIA BUSH,

individually, and by aiding and abetting, knowingly and intentionally distributed a controlled substance, specifically, approximately more than 168 opiate pills and tablets that were a mixture and substance containing a detectable amount of fentanyl (a/k/a "N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide"), a Schedule II controlled substance, and a "fentanyl-related substance" as defined in 21 C.F.R. § 1308.11, a Schedule I controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

COUNT FIVE

**Illegal Use of a Communications Facility**

The Grand Jury Further Charges:

In or about February 2021, in the District of North Dakota, and elsewhere,

NEKOL SORRELL-TYRONE EPPS; and
GLORIA BUSH,

individually, and by aiding and abetting, knowingly and intentionally used a

communication facility, specifically, the United States Postal Service, in facilitating the

commission of any act or acts constituting a felony under Title 21, United States Code,

Sections 841 and 846, that is, the offenses set forth in Count One of this Criminal

Complaint, which is incorporated by reference herein;

In violation of Title 21, United States Code, Section 843(b), and Title 18, United

States Code, Section 2.

FORFEITURE ALLEGATION

The Grand Jury Further Finds Probable Cause That:

Upon conviction of the offense alleged in Count Three of this Indictment,

GAGE TERALE BLACKCLOUD

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d),

and Title 28, United States Code, Section 2461(c), the firearm and ammunition involved

in the commission of the offense in Count Three of this Indictment, including, but not

limited to, the following:

- One Smith & Wesson, Model M&P 9 Shield M2.0, 9mm pistol, Serial Number HYK4724; and

- Approximately eight (8) rounds of Armscor Cartridge Inc., 9mm caliber ammunition.

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ Nicholas W. Chase
NICHOLAS W. CHASE
Acting United States Attorney

RLV/sjj

10